IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3155-BO

| | | |
|---|---|---|
| JEFFERY E. SHORT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CHARLES L. MANN, SR., et al., | ) | |
|     Defendants. | ) | |

Plaintiff, a state inmate, brought this action pursuant to 42 U.S.C. § 1983. Plaintiff filed this civil rights action contesting his North Carolina State parole proceedings. Defendants have filed a motion to dismiss to which plaintiff has responded. The matter is ripe for determination.

Plaintiff asserts that the parole process violated Due Process and Equal Protection in that inmates who can retain attorneys are paroled earlier; the custody classification is arbitrary and capricious; Due Process is violated by the Parole Commission's failure to respond to letters and the failure to communicate with plaintiff has precluded plaintiff from understanding the specific requirements necessary to obtain parol; Due Process is violated because of the inadequate explanation of the denial of parole and explanation or feedback to help achieve parole; and cruel and unusual punishment in sending letters to plaintiff that he is being considered for parole through the Mutual Agreement Parole Program (MAPP). (See Compl.) Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

Plaintiff supports these contentions with the following factual outline. On October 21, 1985, plaintiff was convicted of first-degree murder. North Carolina v. Short, 322 N.C. 783, 785 (N.C. 1988). He received a Class A life sentence. (Compl., Ex. A) Plaintiff became eligible for

parole after serving twenty years of the sentence. (Id. ¶ 12) In 2002, plaintiff also became eligible for promotion to minimum custody, but has not received the promotion. (Id. ¶¶ 12 and 13) While plaintiff is eligible for parole, he has yet to receive parole as well. (Id. ¶ 16) He has received letters from the Parole Commission denying his parole. (Id. ¶ 17, 19, 21, Ex. B, C, and D) He has written the Director of the DOC Division of Prisons complaining about both denial of his parole and custody promotion as arbitrary and capricious. (Id. ¶ 23) He also copied the Parole Commission on the letter. (Id. ¶ 23) In April 2008, the Parole Commission responded and stated his last custody review resulted in the denial of parole after careful review and consideration of all relevant information. (Id. ¶ 24, Ex. E) Plaintiff alleges he then wrote "to one Lon Kelly asking what it was that he needed to do to satisfy/help the Commission in promoting him" but received no response. (Id. ¶ 28)

On August 28, 2008, the Parole Commission wrote to plaintiff and explained he was under consideration for parole through the Mutual Agreement Parole Program ("MAPP"). (Id. ¶ 29) In October 2008, plaintiff had a psychological evaluation as part of the considered process but heard nothing. (Id. ¶ 31 - 35) In March 2009, plaintiff wrote the Director of the Division of Prisons about denial of parole. (Id. ¶ 36) In April, he received a second letter regarding MAPP from the Parole Commission; however, later that same month, he received a letter that parole was denied. (Id. ¶ 37 - 39) He requested information regarding MAPP which was denied. (Id. ¶ 40) Plaintiff also sought advice regarding programs in which he should participate, but received no responses. (Id. ¶ 41 - 46)

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief can be granted. In analyzing the motion, a court must determine whether the complaint is legally

2

and factually sufficient. See FED. R. CIV. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 301–02 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See Ashcroft, 129 S. Ct. at 1949–50. Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50.

As for plaintiff's claims arising from the denial of his parole, "[t]here is no constitutional or inherent right of a convicted person to be [paroled] before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Even if a parole statute creates a liberty interest, an inmate is entitled to only "minimal procedure." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). The Fourth Circuit has held it is sufficient for the parole authorities to furnish the prisoner with a statement of reasons for the denial of parole. Id.; see also Wilson v. Mann, 5:08-CT-3053-BO, dismissed Aug. 25, 2009, appealed and affirmed in an unpublished opinion by the Fourth Circuit, Jan. 21, 2010. A federal court must not involve itself in "the merits of either the state's parole statute or its individual parole decisions." Id.

Plaintiff does not argue that he was not furnished with the statement of reasons for the denial for parole. In fact, he admits he has received explanatory letters, and he has included them as exhibits. His argument is that the explanation of reasons is insufficient. However, review of the individual parole decision is not within the parameters of this court's scope of review. See id. Furthermore, plaintiff is not entitled to specific advice from the Parole Commission on

3

necessary changes in attitude, habits, and behavior to obtain parole. The claims based on denial of parole are dismissed.

Likewise, it is well established that an inmate does not possess a liberty interest arising from Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. See Wilkinson v. Austin, 545 U.S. 209, 221-222 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne, 427 U.S. at 243; Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." Meachum, 427 U.S. at 225. Specifically, the Supreme Court has held, inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Therefore, this court finds dismissal of the custody classification appropriate.

For the above stated reasons, defendants' motion to dismiss is ALLOWED [D.E. # 14 and GRANTED [D.E. # 15]. Having so determined, all other pending motions are DENIED as MOOT [D.E. # 10 and # 12]. The Clerk is DIRECTED to close the case.

SO ORDERED, this the 16 day of February 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4